# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCIE A. ROGAN and JAMES N. RAISLEY, *Co-Administrators of the Estate of Kathleen Ann Rogan, Deceased*, | ) ) ) ) ) | Civil Action No. 12 - 1375 District Judge Mark R. Hornak Chief Magistrate Judge Lisa Pupo Lenihan |
| Plaintiff, | ) ) | |
| v. | ) ) | ECF No. 16 |
| COUNTY OF LAWRENCE, PENNSYLVANIA, BRIAN COVERT, *Warden of the Lawrence County Correctional Facility*, JOHN DOE #1, *Lawrence County Correctional Facility Employee*, PRIME CARE MEDICAL, INC., JOHN DOE #2, *Physician Employee*, JOHN DOE #3, *Medical Specialist Employee of Prime Care Medical Inc.,* | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## REPORT AND RECOMMENDATION

## I.    RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Second Motion for Judgment on the Pleadings (ECF No. 16) filed by John Doe #2, John Doe #3 and PrimeCare Medical ("the medical defendants") be denied without prejudice to Plaintiffs' right to explain the reasons for the delay in filing their Certificate of Merit ("COM").  If a reasonable explanation or legitimate excuse is shown for the delay, then the medical defendants' Second Motion for Judgment on the Pleadings should be denied and Plaintiffs should be allowed to file an amended

1

COM that complies with the requirements of the Pennsylvania Rules of Civil Procedure. If Plaintiffs are unable to demonstrate the necessary showing for their delay in filing, then the Court should grant defendants' motion to the extent it seeks dismissal of Plaintiffs' professional liability claims.

## II.  <u>REPORT</u>

This matter arises from the suicide of Kathleen Ann Rogan (hereinafter referred to as the "Decedent"), shortly after being detained within the Lawrence County Correctional Facility in October 2010. Plaintiffs are the co-administrators of the Decedent's estate; Marcie A. Rogan, mother of the Decedent, and James N. Raisley, the father of Taylor Raisley, one of the Decedent's minor children. The Complaint alleges eight counts; five counts pursuant to 42 U.S.C. § 1983 and three under Pennsylvania state law. With regard to Defendants John Doe #2, John Doe #3 and PrimeCare Medical (hereinafter referred to as "the medical defendants"), Plaintiff asserts a medical malpractice claim (Count 6), a claim for wrongful death (Count 7) and a survival action (Count 8). Currently pending before the Court is a Second Motion for Judgment on the Pleadings filed by the medical defendants on December 12, 2012. (ECF No. 16.) Plaintiffs have filed a response to the motion (ECF Nos. 24, 25) and it is now ripe for review.

### A.  Plaintiffs' Allegations

The following allegations are contained in the Complaint. On October 7, 2010, the Decedent was arrested for child endangerment in connection with the care of her daughter, Taylor Raisley. (ECF No. 1 at ¶ 25.) At the time of her arrest, the Decedent was under the influence of unlawful substances and emotionally unstable. <u>Id.</u> at ¶ 26. She had a history of previous suicide attempts, drug dependence and mental impairment. <u>Id.</u> She was placed in the

Lawrence County Correctional Facility (hereinafter referred to as "LCCF") where she was given a mental health screening at intake and tested and scored a high risk for suicide. Id. at ¶¶ 27, 30(a)-(b). She responded to the question regarding suicide with "I will kill myself if I get a chance" and she responded to the question about having anything to look forward to in life as "No." Id. at ¶¶ 30(c)-(d). In addition, at the time she came to be in custody at the LCCF, and during the duration of her stay, she bore a particular vulnerability to suicide because she had three visible and lengthy scars on her left arm from a suicide attempt with a razor blade made in June, 2010. Id. ¶¶ 28, 30(a). Because of these signs, it is alleged that Lawrence County, Warden Covert and John Doe #1 all had notice of the Decedent's vulnerability to suicide. Id. at ¶ 30.

As a result of her screening, the Decedent was placed in an isolation cell in a "suicide smock" for 24-hour suicide watch. Id. at ¶ 31. She was kept there for just over two days despite the fact that the customary duration of 24-hour suicide watch is a period of seven days. Id. ¶¶ 32-33. On or about October 10, 2010, LCCF employees reported that John Doe #2 and John Doe #3, namely PrimeCare Medical's physician and mental health specialist, evaluated the Decedent and cleared her to be placed on a 30-minute intermittent suicide watch. Id. at ¶ 35. As such, she was subsequently removed from 24-hour suicide watch. Id. at ¶ 34. Her new cell contained a bed sheet and an upper bunk. Id. at ¶ 51. Sadly, sometime during the evening of October 10-11, 2010, the Decedent took the sheet from her bed, knotted a noose, which she tied to the upper bunk in her cell, and hung herself. Id. at ¶ 36. Her body was discovered in her cell around 10:00 a.m. on October 11, 2010. Id. at ¶ 37.

At the time the Decedent was evaluated at intake in the LCCF on October 7, 2010, she reported that she was taking methadone and one or more prescribed anti-depressant medications. Id. at ¶¶ 39, 47. She also reported that she was presently in treatment with a mental health

professional and methadone maintenance.  Id.  However, she did not have any medications on her person upon admission to LCCF, and no one took any action to obtain the prescribed medications, identify and contact her treating mental health professional or physicians, or review her prior medical history.  Id. at ¶¶ 40, 41, 43, 52, 53.  When she was evaluated by LCCF employees, she was visibly experiencing symptoms of peak withdrawal from the absence of her medications, including methadone, and exhibited inappropriate and disturbing behavior that continued until the time she was removed from 24-hour suicide watch.  Id. at ¶ 48.  Despite being cleared from 24-hour suicide watch, she was not actually seen by John Doe #2, John Doe #3, or by any other physician or health care professional.  Id. at ¶ 42.

## B.  Standard of Review

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed but within such time as to not delay the trial.  Fed. R. Civ. P. 12(c).[1]  Judgment on the pleadings under Rule 12(c) may be granted "only if, viewing all the facts in the light most favorable to the nonmoving party, no material issue of fact remains and the moving party is entitled to judgment as a matter of law."  Knepper v. Rite Aid Corp., 675 F.3d 249, 257 (3d Cir. 2012) (citing Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008)).  "A motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion."  Revell v. Port Auth. of N.Y. & N.J., 598 F.3d 128, 134 (3d Cir. 2010) (citing Turbe v. Gov't of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991)).  Thus, in this regard the standard of review is identical to that of a motion to dismiss under Federal Rule of Civil Procedure

---

[1] The medical defendants filed their answer in this case on November 27, 2012.

12(b)(6). <u>Turbe</u>, 938 F.2d at 428 (citations omitted). The only notable difference is that a court, for a motion on the pleadings, may review not only the complaint but also the answer and written instruments attached to the pleadings. <u>Brautigam v. Fraley</u>, 684 F. Supp. 2d 589, 591-92 (M.D. Pa. 201). Despite this difference, courts in this circuit have consistently stated that the distinction between the two standards is "merely semantic." <u>Christy v. We The People Forms & Serv. Ctrs.</u>, 213 F.R.D. 235, 238 (D. N.J. 2003); *see* <u>Smith v. City of Phila.</u>, 345 F. Supp. 2d 482, 485 (E.D. Pa. 2004).

## C. Discussion

### 1. Certificate of Merit

#### a. The Pennsylvania Certificate of Merit Requirement

Pennsylvania law requires that a Certificate of Merit ("COM") accompany a claim for professional liability brought against certain designated licensed professionals.[2] This requirement is provided for in Pennsylvania Rule of Civil Procedure 1042.3, which states that the COM must be filed within sixty days following any action where it is alleged that "a licensed professional deviated from the acceptable professional standard." Pa. R. Civ. P. 1042.3. The COM must contain a written statement from "an appropriate licensed professional" declaring whether the professional liability claim is brought directly (the defendant's conduct fell below the standard of care, bringing about the harm), indirectly (the conduct of persons under the direction of the defendant fell below the standard of care, bringing about the harm), or that no expert testimony will be necessary to prosecute the claim against that defendant. Pa. R. Civ. P. 1042.3 (a)(1)-(3). A separate certificate is necessary for "each licensed professional against

---

[2] "License professional" includes health care providers, accountants, architects, chiropractors, dentists, engineers or land surveyors, nurses, optometrists, pharmacists, physical therapists, psychologists, veterinarians and lawyers. Pa R. Civ. P. 1042.1(b).

whom a claim is asserted." Pa. R. Civ. P. 1042.3(b)(1). If a complaint raises both direct and indirect claims against a single defendant, the COM must say so; otherwise the plaintiff must file two COMs for that defendant (one for the direct claim, the other for the indirect claim). Pa. R. Civ. P. 1042.3(b)(2). Finally, a COM must be signed by the party or by the attorney representing that party. Pa. R. Civ. P. 1042.3(a).

As stated *supra*, a COM must be filed with the complaint or within sixty days of filing the complaint. Pa. R. Civ. P. 1042.3(a). A plaintiff may file for an extension of the deadline, not to exceed sixty days, while the plaintiff is still within the sixty day period. Pa. R. Civ. P. 1042.3(d). If a plaintiff fails to file a COM, and no extension was granted, a defendant may file a written notice of their intention to file a praeicpe seeking judgment of *non pros*, no sooner than thirty days after the complaint was filed. Pa. R. Civ. P. 1042.6(a). If the plaintiff fails to file the COM after the expiration of sixty days, judgment is then entered by the protonotary as provided by Pa. R. Civ. P. 1042.7(a). [3] Once judgment is entered, a plaintiff must petition the court to reopen the case.[4] *See* Pa. R. Civ. P. 3051.

The Pennsylvania Supreme Court has held that equitable factors should guide state courts when considering reopening a case pursuant to Pa. R. Civ. P. 3051. Womer v. Hilliker, 908 A.2d 269, 276 (Pa. 2006). Equitable relief is limited to parties who make a substantial effort to comply with the rules, as long as the opposing party's rights are not prejudiced by the decision. Id. Equitable relief is not available to a party who "disregards the terms of a rule in their entirety

---

[3] Judgment of *non pros* may also be entered by Rule 1042.7(a) *without notice* if an extension of time was denied or additional time was granted but the plaintiff still failed to file the COM within the extended time. Pa. R. Civ. P. 1042.6(b)(1)-(2).

[4] An involuntary dismissal under Rule 1042 in Pennsylvania state court is not a dismissal with prejudice. *See* Scaramuzza v. Sciolla, 345 F. Supp. 2d 508, 511 (E.D. Pa. 2004) ("Unlike dismissal with prejudice, the entry of judgment *non pros* is a default judgment that does not bar the plaintiff from commencing another suit upon the same cause of action.")

and determines for himself the steps he can take to satisfy the procedure that we have adopted to enhance the functioning of the trial courts." Id. at 278. A court may excuse any of the procedural requirements of Pa. R. Civ. P. 1042.3 if the court finds a party demonstrated "substantial compliance" with the rule. Id. Thus, a party's COM need not be dismissed for failing to identify whether claims are brought directly or indirectly, Kennedy v. Butler Memorial Hosp., 901 A.2d 1042 (Pa. Super. Ct. 2006), or because the party failed to file a timely COM, Stroud v. Abington Mem'l Hosp., 546 F. Supp. 2d 238, 250-51 (E.D. Pa. 2008).

   b.   The Pennsylvania COM Requirement in Federal Court and Plaintiffs' COM

   In Liggon-Redding v. Estate of Sugarman, 659 F.3d 258 (3d Cir. 2011), the Third Circuit Court of Appeals held that Pa. R. Civ. P. 1042.3, mandating a COM for professional liability claims, is substantive law under the Erie doctrine and must be applied as such by federal courts.

   Plaintiffs filed their Complaint in this action on September 24, 2012, and the medical defendants filed their first Motion for Judgment on the Pleadings sixty-seven days thereafter, on November 30, 2012. In that motion, the medical defendants sought relief on the basis that Plaintiffs had failed to file a COM within the time allowed. Four days later, on December 4, 2012, Plaintiffs filed their COM. As a result of the COM, the Court dismissed without prejudice the medical defendants' motion, and their Second Motion for Judgment on the Pleadings was filed just seven days later on December 12, 2012. The medical defendants again dispute, among its sufficiency, the timeliness of Plaintiffs' COM. That issue will be addressed first.

      1.  *Timeliness of COM*

   As a threshold matter, it is undisputed that Pa. R. Civ. P. 1042.3 applies to this action and Plaintiffs must comply with the COM requirement in order to proceed with their professional liability claims against the medical defendants. *See* Liggon-Redding, *supra*. However, Plaintiffs

7

do not dispute that they did not file their COM within sixty days of filing their Complaint, nor do they dispute that they did not seek an extension of time by which to do so. Moreover, their COM is dated November 27, 2012, four days *after* the sixty-day deadline expired. Therefore, the medical defendants request that the Court strike the COM and grant them relief for Plaintiffs' failure to comply with the filing deadline found in Pa. R. Civ. P. 1042.3.

Plaintiffs submit that the medical defendants are not entitled to the relief they seek because they did not give prior notice of their intent to take judgment as provided in Pa. R. Civ. P. 1042.6(a). They further submit that even if the Court were to construe the medical defendants' first Motion for Judgment on the Pleadings as sufficient notice under the Rule, they then had thirty days from that date by which to file the COM. They maintain that, like Pa. R. Civ. P. 1042.3, the notice requirement in Pa. R. Civ. P. 1042.6 is also a rule of substantive law that applies in federal court.

First, the issue of whether the notice requirement in Pa. R. Civ. P. 1042.6 is a rule of substantive law has not been determined by our Court of Appeals. However, the undersigned can find no case where it is found to be so. On the other hand, both the Middle and Eastern Districts of Pennsylvania have found that it is not a rule of substantive law, but rather a procedural rule which is inapplicable in federal courts. *See* Bellinger v. Pa. Dep't of Corr., No. 1:12-cv-2374, 2013 U.S. Dist. LEXIS 20181, at *5 (M.D. Pa. Feb 1, 2013) (citing Santee v. U.S., No. 3:CV-07-2207, 2009 U.S. Dist. LEXIS 88850, at *4 (M.D. Pa. Mar. 24, 2009) and Kennedy v. City of Lebanon, 1:11-cv-00382, 2011 U.S. Dist. LEXIS 157416 (M.D. Pa. Dec. 21, 2011)). Courts have stated that the federal equivalent of such is procedure is a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) and *without prior notice*. Id. (citing Santee, *supra*). To affect a similar result as that which would occur in state court, federal courts choose

8

to dismiss the professional liability claims without prejudice if the plaintiff can demonstrate good cause for the delay in filing. *See* <u>Perez v. Griffin</u>, 304 F. App'x 72, 74 (3d Cir. 2008); *see also* <u>Walsh v. Consol. Design & Eng'g, Inc.</u>, No. Civ. A. 05-2001, 2007 U.S. Dist. LEXIS 72534, 2007 WL 2844829, at *5 (E.D. Pa. Sept. 28, 2007) ("Rule 1042.3 is subject to equitable considerations and a party who fails to timely file a certificate of merit may be relieved from the requirement where the defaulting party provides a reasonable explanation or legitimate excuse.") With regard to this issue, the undersigned sees no reason why this Court should deviate from our sister courts. Plaintiffs' argument that the medical defendants are not entitled to judgment in their favor for lack of a COM unless and until they have first given the notice as provided in Pa. R. Civ. P. 1042.6, is unpersuasive.

Noticeably, and perhaps understandably, Plaintiffs do not set forth any reasons in their Response as to why their COM was late. Their sole basis for denying the medical defendants' motion on this ground is addressed *supra*. Nevertheless, the undersigned recognizes that there might actually be a good reason as to why the COM was filed late and the Court should not immediately foreclose Plaintiffs from pursuing their professional liability claims against the medical defendants without first giving them a chance to explain their tardiness. The Third Circuit Court of Appeals has indicated that the sixty-day deadline for filing a COM is not a strict, all or nothing deadline, and, like Pennsylvania state courts, a federal court may consider a party's reasons for an untimely submission. *See* <u>Smith v. United States</u>, 498 F. App'x 120, 122 (3d Cir. Aug. 10, 2012) (upholding district court's dismissal of a plaintiff's FTCA malpractice claim without prejudice because the plaintiff "did not file the required COM, nor did he *make a substantial effort* to comply with the rule or *provide a reasonable excuse* for failing to do so.") (emphasis added); <u>Slewion v. Weinstein</u>, No. 12-3266, 2013 U.S. App. LEXIS 5091, at *3 (3d

Cir. Mar. 14, 2013) (stating that the plaintiff "did nothing to comply with the certificate of merit requirement or *provide a reasonable excuse* for his noncompliance, even after Appellees raised the issue in both state and federal court.") (emphasis added); *see also* <u>Perez v. Griffin</u>, 2008 U.S. Dist. LEXIS 45241, *10 (M.D. Pa. 2008) (On motion for judgment on the pleadings, failure to file a COM is fatal unless the plaintiff can demonstrate a "reasonable excuse."), *aff'd*, 304 F. App'x 72 (3d Cir. 2008).

Pursuant to the above, the undersigned recommends denying the medical defendants' motion on this ground *without prejudice* and allowing Plaintiffs the opportunity to submit to the Court, by brief or oral argument, their reason for why the COM was untimely filed. If Plaintiffs are able to put forth a reasonable explanation or legitimate excuse for the delay, then principles of equity suggest that this Court should deny the medical defendants' motion on this ground and allow Plaintiffs to pursue their professional liability claims. If, however, Plaintiffs cannot make this showing, the Court should grant the motion and dismiss the medical malpractice claim against the medical defendants.

### 2. *Sufficiency of COM*

Next, the medical defendants argue that Plaintiffs' COM is defective in numerous regards and for that reason it should be stricken and their motion granted. They note that the COM does not name the individual medical defendants as required by Pa. R. Civ. P. 1042.3(b), there is not a separate COM filed as to each medical defendant, there is not a separate COM filed for each cause of action whether direct or indirect asserted against each medical defendant, and the COM does not have the appropriate language of direct or indirect claims as required by Pa. R. Civ. P. 1042.3(a)(1),(2). Additionally, they note that the COM is not signed by a party or an attorney of record as required by Pa. R. Civ. P. 1042.3(a) and is not substantially in the form mandated by

Pa. R. Civ. P. 1042.9. Plaintiffs admit that the COM does not identify medical defendants John Doe #2 and John Doe #3. They also admit that it does not conform with Pa. R. Civ. P. 1042.9 because it is not signed by Plaintiffs' counsel. They request leave of court to file a corrected COM that complies with these requirements, but they maintain that the COM filed is in substantial compliance with the requirements of Pa. R. Civ. P. 1042.3 and 1042.9.

"[S]tate and federal courts applying Pennsylvania law have applied the 'substantial compliance' doctrine in situations where the plaintiff has attempted but failed to meet the technical requirements of Rule 1042.3." Booker v. United States, 366 F. App'x 425, 428 (3d Cir. 2010) (citing cases). Courts have found substantial compliance where a plaintiff requested an extension of time from the state court before his case was removed to federal court and he filed a COM during that time frame, Ramos v. Quien, 631 F. Supp. 2d 601, 612 (E.D. 2008); where the text of a COM did not correspond to the claim of direct liability alleged in the complaint, Weaver v. University of Pittsburgh Medical Center, 2008 U.S. Dist. LEXIS 57988, 2008 WL 2942139, at *8 (W.D. Pa. 2008); where plaintiff's counsel had prepared a COM but his paralegal failed to file it on time, Sabo v. Worrall, 959 A.2d 347, 352 (Pa. Super. Ct. 2008); where the plaintiff mistakenly filed a COM as required in New York instead of under New Jersey law, Newell v. Ruiz, 286 F.3d 166, 169-71 (3d Cir. 2002); and where the plaintiff's COM did not satisfy the literal requirements of Rule 1042.3 but he, while incarcerated and proceeding *pro se* and *in forma pauperis*, had located a qualified physician, compiled his medical records, timely filed necessary requests for extensions of time and attempted to provide the court with a compliant COM, Booker, *supra*.

Plaintiff's COM is a letter addressed to counsel from Dr. Ryan D. Herrington, MD, MPH. (ECF No. 14.) Dr. Herrington lists the medical records he reviewed in connection with this case

and opined in one simple sentence that he was "concerned based upon a reasonable degree of medical certainty and probability that relevant and applicable standards of care may not have been met." Id. Clearly, the COM has numerous deficiencies of which Plaintiffs are well aware and the Court need not address. However, the Court should keep in mind that the underlying purpose of Rule 1402.3 is to prevent the filing of frivolous professional liability claims. Almes v. Burket, 881 A.2d 861, 866 (Pa. Super. Ct. 2005). In an analogous situation of opening a default judgment, the Pennsylvania Superior Court has emphasized that "errors of counsel which indicate an oversight rather than a deliberate decision not to defend, have been held to constitute sufficient legal justification to open a default judgment." Id. at 865-66 and n.3.

Whether or not to allow Plaintiffs the opportunity to file an amended COM will hinge on whether they are able to demonstrate a reasonable explanation or legitimate excuse for their untimely filing. If so, it is recommended that the Court also allow Plaintiffs to file an amended COM to correct the deficiencies that are noted in the medical defendants' Second Motion for Judgment on the Pleadings. Otherwise, the undersigned recommends that the medical defendants' motion be granted.

## 2. Section 1983 Claims

The medical defendants move for judgment in their favor as to any allegations of deliberate indifference against them that can be construed in the Complaint. In their response, Plaintiffs state that they did not intend to allege a cause of action against them under 42 U.S.C. § 1983 and they are not seeking to amend the Complaint in order to add such a claim. They reiterate that they do not allege deliberate indifference, or any constitutional claim on the part of the medical defendants. Therefore, this portion of the medical defendants' motion is moot.

III.   **CONCLUSION**

For the reasons set forth above, it is respectfully recommended that the Second Motion for Judgment on the Pleadings (ECF No. 16) filed by the medical defendants be denied without prejudice to Plaintiffs' right to explain the reasons for the delay in filing their COM.   If a reasonable explanation or legitimate excuse is shown for the delay, then the medical defendants' Second Motion for Judgment on the Pleadings should be denied and Plaintiffs should be allowed to file an amended COM that complies with the requirements of the Pennsylvania Rules of Civil Procedure.  If Plaintiffs are unable to demonstrate the necessary showing for their delay in filing, then the Court should grant defendants' motion to the extent it seeks dismissal of Plaintiffs' professional liability claims.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto.   Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response.   A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated:  August 1, 2013


/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge


cc:  Counsel of Record
        *Via ECF Electronic Mail*

13